# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| CARL BIRDWELL, individually and on behalf of similarly situated § § § Plaintiff, § § v. § LENCHO OILFIELD SERVICES INC. § and LAWRENCE DECULIT § § Defendants. § | CASE NO. 5:20-cv-00855 |

---

## ORIGINAL COMPLAINT

### SUMMARY

1. Defendants, Lencho Oilfield Services Inc. ("Lencho") and Lawrence Deculit ("Defendant Deculit")(collectively "Defendants"), provide solids control services to the oil and gas industry.

2. Defendant paid Solids Control Technicians a day rate.

3. Although these Solids Control Technicians regularly work more than seventy (70) hours in a workweek, Defendants do not pay them overtime.

4. Defendants' policy of paying these employees a day rate with no overtime pay, violates the Fair Labor Standards Act ("FLSA").

5. This collective action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

6. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal question claims that they form part of the same case or controversy.

8. Plaintiffs' state law claims are not novel or complex. 28 U.S.C. § 1367(c)(1).

9. Plaintiffs' state law claims do not predominate over their federal question claims. 28 U.S.C. § 1367(c)(2).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(1) because Defendants conduct substantial business in this District, sending Plaintiff and Putative Class Members to perform work in this District while subjecting them to Defendants' improper and illegal payroll practices.

## APPLICABLE STATE LAW

11. The "New Mexico Wage Laws" refers to the New Mexico Minimum Wage Act ("NMMWA"), NMSA § 50-4-19, et seq.

## PARTIES

12. Defendant Lencho Oilfield Services ("Lencho") is a Louisiana limited liability company doing business in the State of Texas and New Mexico.

13. Defendant may be served through its registered agent, Lawrence Deculit at 10635 Pelican Pointe Drive, Keithville, Louisiana 71047.

14. Defendant Lawrence Deculit is a Louisiana domiciliary who may be served at 10635 Pelican Pointe Drive, Keithville, Louisiana 71047.

15. Defendant Lawrence Deculit is the President of Lencho Oilfield Services Inc.

16. Defendants paid each of the Putative Class Members a day rate, with no overtime premium for hours worked in excess of forty (40) in a workweek.

17. Defendants' payroll practice and classification of these workers as overtime-exempt violated the FLSA.

18. Lencho paid Birdwell and all of its Day Rate Workers a flat amount for each day worked with no overtime premium for hours worked in excess of 40 in a workweek.

19. Carl Birdwell ("Birdwell") was employed by Defendants as a solids control technician.

20. Birdwell was paid according to Lencho's day rate policy.

21. Birdwell worked for Lencho in this District and Division.

22. Birdwell performed work for Lencho in New Mexico.

23. Birdwell is domiciled in Texas and performed work out of Defendants' as a Solids Control Technician.

24. Birdwell's written consent to this action is attached. (Exhibit "A").

25. Birdwell represents at least two classes of similarly situated co-workers.

26. First, Birdwell represents a class of similarly situated Day Rate Workers under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA Class is defined as:

**All Day Rate Workers employed by Lencho Oilfield Services Inc. in the United States since July 22, 2017.**

27. Second, Birdwell represents a class of similarly situated Day Rate Workers under the New Mexico Wage Laws pursuant to Federal Rule of Civil Procedure 23. The New Mexico Class is defined as:

3

**All Day Rate Workers employed by Lencho Oilfield Services Inc. in New Mexico since July 22, 2017.**

28. Collectively, the FLSA and New Mexico are referred to as "Putative Class Members" or the "Day Rate Workers."

29. The Putative Class Members are easily ascertainable from Lencho's business records, particularly its personnel records.

30. Lencho does business throughout Texas.

31. Lencho does business throughout New Mexico

## FACTS

32. Lencho Oilfield Services is a Solids Control business.

33. Lencho Oilfield Services conducts business within the State of Texas and New Mexico.

34. Birdwell was paid according to Lencho's day rate policy.

35. Defendants' employees routinely handle goods or materials – such as fuel, tool bags, generators, lubricants, toolboxes, personal protective equipment, waterproof boots, gloves, and special fluid monitoring equipment - that have moved in, or were produced for, interstate commerce.

36. Defendants are an enterprise engaged in interstate commerce, covered by the FLSA, and subject to the FLSA's recordkeeping requirements and overtime wage requirements.

37. In each of the past three (3) years, Defendants' gross revenue has exceeded $500,000.

38. Over the past three years, Lencho employed dozens of individuals—including Plaintiffs—as Day Rate Workers across Texas and New Mexico

39. Over the past three years, Defendants employed dozens of individuals—including Plaintiff as Day Rate Workers across Texas and New Mexico

40. While the Putative Class Members' job duties may vary somewhat, these differences are not relevant for determining their rights to overtime pay.

41. Defendants pay their Day Rate Workers a day rate for the work they perform.

42. Plaintiffs' and the Day Rate Workers' day rates are readily found in Defendants' payroll records.

43. The Day Rate Workers were paid a day rate.

44. The Day Rate Workers were not paid a salary.

45. The Day Rate Workers were paid based on the number of days they worked.

46. If a Day Rate Worker did not work on a certain day, then they were not paid for that day.

47. A salary is not the same as a day rate.

48. Defendants nonetheless paid a day rate without any overtime to certain employees, including Plaintiff.

49. It is well-known day rate employees are not exempt from the overtime provisions of the FLSA and state wage laws, no matter what their job duties are.

50. Defendants recorded the hours worked by their non-exempt employees, including Plaintiff's.

51. Defendants' Day Rate Workers are non-exempt employees.

52. Defendant Lawrence Deculit was directly involved in Lencho's payroll decisions and practices, including but not limited to, setting schedules and work assignments, setting pay rates, and assigning work duties.

53. Defendant Lawrence Deculit was also directly responsible for implementing Lencho's practice of paying its employees a day rate without overtime.

54. Lencho and Defendant Deculit had the power to hire and fire Lencho's employees, including Plaintiff, and regularly exercised this authority.

55. Defendant Deculit hired Plaintiff.

56. Defendant Deculit set the amount of Plaintiff's pay.

57. Defendant Deculit set up Lencho's day rate pay plan.

58. Defendant Deculit set up Plaintiff's work schedule.

59. Defendant Deculit controlled Plaintiff's job locations.

60. Defendant Deculit set the employment policies and rules applicable to Plaintiff.

61. While the precise job duties of the Day Rate Workers may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek.

62. An employer can pay a non-exempt employee on a day rate basis provided the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

63. Birdwell worked for Defendants as a Solids Control Technician.

64. Defendants paid Birdwell according to on a day rate.

65. Defendants routinely scheduled Birdwell and the other Putative Class Members, for twelve (12) or more hours each workday. Defendants scheduled Birdwell and the other Putative Class Members for 21 days in a row followed by 10 days off before working another 21 days assignment.

66. For example, in the week of July 29, 2019, Bridwell worked 84 hours.

67. Over the past three (3) years, Defendants employed dozens of individuals – including Birdwell as Solids Control Technicians.

68. Defendants paid/pay the Putative Class Members a day rate without overtime. Defendants' day rate employees (Solids Control Technicians) are non-exempt employees.

69. While the precise job duties of the day rate employees may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

70. An employer can pay a non-exempt employee on a day rate basis *provided* the employee receives overtime pay for hours worked in excess of forty (40) in a workweek. 29 C.F.R. § 778.112.

71. All of Defendants' Day Rate Workers perform manual labor in support of Defendants' solid control business.

72. All of Defendants' Day Rate Workers are entitled to overtime pay.

73. None of Defendants' Day Rate Workers received/receive overtime pay.

74. Defendants know their Day Rate Workers work more than forty (40) hours in a workweek.

75. Defendants know their Day Rate Workers are not exempt from the overtime provisions of the FLSA.

76. Nonetheless, Defendants did not (and does not) pay its Day Rate Workers overtime for hours worked in excess of forty (40) in a workweek.

**COLLECTIVE/CLASS ACTION ALLEGATIONS**

77. Birdwell brings this claim under Section 216(b) of the FLSA as a collective action.

78. The same policy that caused Birdwell to be denied his overtime pay caused Defendants' other Day Rate Workers to be denied their overtime pay.

79. While the precise job duties performed by the Putative Class Members might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

80. Nor do any differences in job duties matter for determining whether Defendants' policy of not paying Day Rate Workers overtime is legal.

81. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

82. Because Defendants uniformly failed to pay overtime to all Day Rate Workers, Birdwell and the Putative Class Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

83. Upon information and belief, Defendants employed numerous day rate employees like Birdwell during the past three (3) years.

84. Nearly all of the questions related to Birdwell and the FLSA Collective can be answered on a collective basis.

85. Defendants' practice of paying day rates and not paying members of the FLSA Collective overtime is based on established companywide policies.

86. Defendants' payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

87. The most important questions presented in this case can be resolved on a collective-wide basis.

88. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

89. Furthermore, individual litigation would be unduly burdensome to the judicial system.

90. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

### CLASS AND COLLECTIVE ACTION

91. Birdwell brings his claims under the New Mexico Wage Laws as a Rule 23 class action.

92. The members of the New Mexico Class are similarly situated to Birdwell in all relevant respects.

93. The same policy that caused Birdwell to be shorted on his overtime pay caused Defendants' other workers to be shorted on their overtime pay as well.

94. While the precise job duties performed by the FLSA Class and the state (New Mexico) class might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

95. Nor do any differences in job duties matter for determining whether Defendants' policy of failing to pay overtime is legal or illegal.

96. The members of the FLSA Class are all entitled to overtime after 40 hours in a week, and the overtime they are entitled to must be calculated in a manner consistent with the regular rate requirements of the FLSA. 29 U.S.C. § 216(b).

97. The members of the New Mexico Class are all entitled to overtime after 40 hours in a week, and the overtime they are entitled to must be calculated in a manner consistent with the regular rate requirements of the New Mexico Wage Laws.

98. The members of the FLSA Class are geographically disbursed, residing and working in multiple states.

99. Because the members of the FLSA Class do not have fixed work locations, these individuals may work in different states across the country in the course of a given year.

100. Most of the questions related to the FLSA Class can be answered on a collective basis.

101. Defendants employed many day rate employees like Birdwell in New Mexico during the preceding three years.

102. The members of the New Mexico Class are geographically disbursed, residing and working in multiple states.

103. Because the members of the New Mexico Class do not have fixed work locations, these individuals may work in different states across the country in the course of a given year.

104. Most of the questions related to the New Mexico Class can be answered on a class basis.

105. Defendants exercised their pay practices at issue in this case on the basis of established policies.

106. Defendants' policies either comply with the FLSA, or they do not, and this decision can be made on a class-wide basis.

107. Defendants' policies either comply with the New Mexico Wage Laws, or they do not, and this decision can be made on a class-wide basis.

108. Defendants' payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA and state classes.

109. Absent a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA.

110. Absent a class action, many members of each of the state classes likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of state law.

111. Individual litigation would be unduly burdensome to the judicial system.

112. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

113. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether the Putative Class Members were exempt from overtime;
   b. Whether Defendants' decision to not pay overtime to the Putative Class Members was made in good faith; and
   c. Whether Defendants' violation of the FLSA and state law was willful.

114. The class representative's claims are typical of the claims of the Putative Class Members they intend to represent.

115. The class representative and the Putative Class Members have sustained damages arising out of Defendants' illegal and uniform employment policy.

116. The class representative knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

117. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

118. Plaintiffs incorporate the preceding paragraphs by reference.

119. At all relevant times, Defendants have been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

120. Defendants employed Plaintiff and each member of the FLSA Class.

121. Defendants' pay policy denied Plaintiffs and the FLSA Class overtime compensation as required by the FLSA.

122. Defendants' failure to pay Plaintiffs and the FLSA Class proper overtime violates 29 U.S.C. § 207.

123. Defendants' conduct, as described herein, was in willful violation of the FLSA.

124. Due to Defendants' FLSA violations, Plaintiffs and the FLSA Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## SECOND CAUSE OF ACTION—
## VIOLATIONS OF NEW MEXICO WAGE LAWS

125. The conduct alleged in this Complaint violates the New Mexico Wage Laws.

126. Defendants were and are an "employer" within the meaning of the New Mexico Wage Laws.

127. At all relevant times, Defendants employed Birdwell, and each of the New Mexico Class members, as an "employee" within the meaning of the New Mexico Wage Laws.

128. The New Mexico Wage Laws require an employer like Defendants to pay overtime to all non-exempt employees.

129. Birdwell and the other New Mexico Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

130. Within the applicable limitations period, Defendants had a policy and practice of failing to pay proper overtime to the New Mexico Class members for their hours worked in excess of 40 hours per week.

131. As a result of Defendants' failure to pay proper overtime to Birdwell and the New Mexico Class members for work performed in excess of 40 hours in a workweek, Defendants violated the New Mexico Wage Laws.

132. Birdwell and the New Mexico Class are entitled to overtime wages under the New Mexico Wage Laws in an amount equal to 1.5 times their rates of pay, plus liquidated damages, attorney's fees, and costs. NMSA § 50-4-26.

133. The improper pay practices at issue were part of a continuing course of conduct, entitling Birdwell and the New Mexico Class to recover for all such violations, regardless of the date they occurred. NMSA § 50-4-32.

## PRAYER

**WHEREFORE**, Carl Birdwell prays for relief as follows:

134. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

135. Judgment against Defendants, Lencho Oilfield Services Inc., and Lawrence Deculit, awarding Plaintiff and the other Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

136. Pre- and post-judgment interest at the highest rate allowable by law; and

137. All such other and further relief to which Plaintiff and the other FLSA Collective may show themselves to be justly entitled.

138. **Wherefore, Plaintiffs pray for:**

139. An order finding Defendants, Lencho Oilfield Services Inc. and Lawrence Deculit to be joint employers pursuant to the FLSA and state laws;

   a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class to permit them to join this action by filing a written notice of consent;

   b. An order certifying Birdwell' claims under the New Mexico Wage Laws as a class action under Rule 23, appointing Birdwell as the class representative, and his counsel as Class Counsel

   c. A judgment against the Employers awarding Plaintiffs, the FLSA Class and the New Mexico Class all their unpaid overtime compensation and an additional, equal amount, as liquidated damages under the FLSA, as well as any compensation, damages, penalties, and/or interest under applicable state law;

   d. An order awarding attorney fees, costs, and expenses;

   e. Pre- and post-judgment interest at the highest applicable rates; and

   f. Such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

/s/ Trang Q. Tran
Trang Q. Tran
TRAN LAW FIRM, LLP
2537 S. Gessner, Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
ttran@tranlawllp.com
service@tranlawllp.com

**ATTORNEY FOR PLAINTIFF**