IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARL BIRDWELL, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED;  *Plaintiff,*  vs.  LENCHO OILFIELD SERVICES INC., LAWRENCE DECULIT,  *Defendants.* | § § § § § § § § § § § § § | SA-20-CV-00855-JKP |

## ORDER

Before the Court in the above-styled and numbered cause of action is Defendants Lencho Oilfield Services, Inc. and Lawrence Deculit's Motion for Protective Order and Limitation of Plaintiff's Discovery Requests [#26]. The Court held an initial pretrial conference on May 24, 2021, at which the parties appeared through counsel and discussed the motion and the matters required by Rules 16 and 26 of the Federal Rules of Civil Procedure, including the parties' proposed discovery plan and whether the discovery in this case should be phased.

Recently, the Fifth Circuit has clarified the approach district courts should take in deciding whether to issue notice in an FLSA collective action, rejecting the two-step conditional certification approach known as the "*Lusardi* approach" embraced by most district courts in this Circuit. *Swales v. KLLM Transport Servs., Inc*., 985 F.3d 430, 439 (5th Cir. 2021). Instead, phased discovery will typically be required in putative collective actions, and before the district court issues notice, it must identify "what facts and legal consideration will be material to determining whether a group of 'employees' is 'similarly situated.' And then, it should authorize preliminary discovery accordingly." *Id*. at 639. Importantly, the Circuit rejected the idea that

1

the district court should avoid evaluating the merits of the case at the notice stage (which was typical for district courts at step one of the *Lusardi* two step). *Id*. at 641. Instead, district courts ***should*** consider merits issues when they "go to the scope of a collective"; otherwise, the courts are likely to send notice to employees who are not, in fact, potential plaintiffs, which is forbidden. *Id*. at 442. The FLSA's notice process is a case-management tool, not a claims-solicitation tool. *Id*.

Consistent with *Swales* specifically, and Rule 16's more general mandate that district courts actively manage cases to promote efficiency, the Court facilitated a discussion of the parties' position on the necessary and appropriate discovery that must take place at this initial notice stage. During the status conferences the parties agreed on the following: Plaintiff Birdwell was a Solid Control Technician. Lencho's Solid Control Technicians were all paid according to the same pay policies and practices. What the parties disagree about is whether the manner in which the Solid Control Technicians were paid violates the FLSA.

Thus, the parties agree that the following discovery enables them to support their respective positions on the legality of the pay practice: Plaintiff will depose Defendants' corporate representative on Plaintiff Birdwell's pay, hours worked, and duties, including but not limited to questions regarding Plaintiff Birdwell's employee file, pay records, time records, and other responsive documents produced by Defendants; the manner in which Solid Control Technicians were paid, including the specifics of how their pay was calculated; the duties of Solid Control Technicians; and the extent to which Plaintiff Birdwell's pay and duties were consistent with other Solid Control Technicians' duties and pay. The parties have already exchanged initial disclosures, and Defendants have produced Plaintiff's employee file, pay records, and time records.

Thus, to confirm the oral rulings made during the status conference, and consistent with the foregoing, the Court now enters the following orders:

**IT IS ORDERED THAT** the parties are authorized to undertake the following limited discovery during this initial phase: Plaintiff may depose Defendant's corporate representative within thirty (30) days of this Order, but may only depose the representative on the following topics: (1) Plaintiff Birdwell's pay, hours worked, and duties, including but not limited to questions regarding Plaintiff Birdwell's employee file, pay records, time records, and other responsive documents produced by Defendants; (2) the manner in which Solid Control Technicians were paid, including the specifics of how their pay was calculated; (3) the duties of Solid Control Technicians; and (4) the extent to which Plaintiff Birdwell's pay and duties were consistent with other Solid Control Technicians' duties and pay.

**IT IS FURTHER ORDERED** that Plaintiff **FILE** any motion to issue notice to similarly situated employees within forty-five (45) days of this Order.

**IT IS FURTHER ORDERED** that this case is **SET** for a **TELEPHONIC STATUS CONFERENCE** on **July 20, 2021 at 10:30 a.m**.  Counsel for all parties are **required to appear by phone** for the conference.  The contact information for the conference is as follows:

\*\*Please call in 5 minutes prior to start of conference.\*\*

1. Toll free number:  888-808-6929

2. Access code: 9923187

3. Participant Security Code: 072021

If there are questions regarding the telephonic appearance, the parties should contact Valeria Sandoval, Courtroom Deputy, at txwdml_chambers_sa_judgechestney@txwd.uscourts.gov.

The use of speaker phones is prohibited during a telephonic appearance. Additionally, because earlier hearings in other cases may be in progress at the time attorneys call in for their scheduled conference, attorneys should call in with their phones on "mute" and wait for the Courtroom Deputy to address them before they speak.

**IT IS FURTHER ORDERED** that the parties **SUBMIT** an amended proposed scheduled order pursuant to Local Rule CV-16(c) and in accordance with the instruction in the Court's Order [#21] no later than **July 16, 2021**.

**IT IS FINALLY ORDERED THAT,** in light of the foregoing, Defendants' Motion for Protective Order and Limitation of Plaintiff's Discovery Requests [#26] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

SIGNED this 25th day of May, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE